UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH J. MITAN,

    Plaintiff,

                   **DECISION AND ORDER**
  v.                    11-CV-641-A

HSBC Bank, N.A.,

    Defendant.

---

  On November 2, 2011, the plaintiff, Keith J. Mitan, served a complaint in this action predicated on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The complaint alleges that the defendant, HSBC Bank, N.A., is liable for compensatory and punitive damages greater than $75,000 for converting personal property of plaintiff Mitan's. The personal property was allegedly located inside premises at 109 Mallard Duck Lane, Rockwood, Tennessee, upon which HSBC "allegedly foreclosed."

  Based upon the complaint and the parties' filings, it appears that venue is proper pursuant 28 U.S.C. § 1391(b)(2) in the Eastern District of Tennessee and not proper in the Western District of New York pursuant to 28 U.S.C. §§ 1391(b)(1) or (b)(3). In any event, the Court has authority to transfer the action, "if it be in the interest of justice," to the Eastern District of

Tennessee, where it could have been brought, pursuant to 28 U.S.C. § 1406(a).  The purpose of the § 1406(a) transfer provision is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."  *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67 (1962).  Giving due weight to the plaintiff's choice of venue, upon the Court's own authority to transfer an action *sua sponte,* and upon defendant HSBC's motion to transfer, the Court finds that transfer to the Eastern District of Tennessee is in the interest of justice.

The Court is not addressing the merits of defendant HSBC's motions to dismiss the complaint.  Pursuant to 28 U.S.C. § 1406(a), the Clerk shall take such steps as are necessary to effect this Order to transfer the action to the Eastern District of Tennessee.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: November 9, 2012